IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| TERRY VAN WILLIAMS, | : |
| Plaintiff, | : |
| vs. | : 7:04-CV-20(HL) |
| DR. DELGADO, et al., | : |
| Defendants. | : |

**O R D E R**

Presently pending in this § 1983 action brought by a former state prisoner who is proceeding *pro se* is the defendants' motion for a more definite statement in which it is alleged that, "plaintiff's complaint is so vague and ambiguous that defendants cannot frame an answer to the majority of plaintiff's claims and that the bulk of plaintiff's complaint is irrelevant to the remaining defendants and claims."

*Procedural History*

Plaintiff's original complaint is some sixty-five (65) pages in length and contains some 300 numbered paragraphs plus several pages of attachments. Among other things, it was initially recommended by the undersigned that sixteen of the originally named defendants be dismissed. There being no objection to that recommendation the same was adopted and made the order of this court. This left as defendants Correctional Officers Lt. Lindblad and Sgt. Santana and Doctors Fogam, Ajibade and Delgado.

Defendants then filed a motion to dismiss as to the remaining defendants for failure to state a claim and the expiration of the two year statute of limitations as to defendant Dr.

Fogam.  In addressing this motion, based upon the record existing at that time, the undersigned recommended that Dr. Fogam be dismissed as the allegations against him were barred by the statute of limitations.  It was further recommended that the claim of retaliation against Dr. Delgado be dismissed but that the very general claims of deliberate indifference as to the remaining defendants remain. This was the posture of this case when the defendants filed their motion for a more definite statement.

The plaintiff objected to certain aspects of the recommendation on the motion to dismiss and attached to his objections documentation not in the file at the time of the recommendation showing that on at least one occasion plaintiff was seen by defendant Dr. Fogam within the two years immediately preceding the filing of the complaint.  Thus the court adopted the recommendation that all claims against Dr. Fogam occurring prior to March 29, 2002, be dismissed as untimely but allowed plaintiff to proceed with any claims of deliberate indifference against this defendant occurring subsequent to that date provided that plaintiff amend his complaint as to those claims. Plaintiff has attempted to amend in compliance with the court's order.  The court also determined that plaintiff's claims of retaliation against Dr. Delgado for the plaintiff's having filed a grievance against him for changing his medication were sufficient to withstand a motion to dismiss for failure to state a claim

At this time the undersigned believes that plaintiff has remaining some general allegations of deliberate indifference to a serious medical need against the five remaining defendants and an additional retaliation claim against Dr. Delgado for his alleged failure to treat the plaintiff during the pendency of a grievance plaintiff filed against him.

***Discussion***

Federal Rule of Civil Procedure 8(a)(2) dictates that a complaint be, "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's voluminous complaint hardly complies with that rule. The court notes that service was ordered upon these defendants some eleven months ago and no answers have yet been filed. It is certainly time for the court and the parties to get this civil action in a posture whereby orderly progress toward a final resolution can be obtained. Therefore the defendant's motion for a more definite statement is **GRANTED.**

Plaintiff is hereby ORDERED and DIRECTED to file with the clerk of this court on or before Tuesday, July 5, 2005, a new complaint which complies with Federal Rule of Civil Procedure 8(a)(2) as set out above and in accordance with the following directives.

(1) The new complaint will name as defendants only Lindblad, Santana, Fogam, Delgado, Ajibade, and no others.

(2) The new complaint will address alleged constitutional violations by the five defendants occurring after March 29, 2002 – all earlier alleged violations are barred by the statute of limitations.

(3) The plaintiff will state specifically what each individual defendant did or did not do that amounted to a violation of plaintiff's constitutional rights, plaintiff shall also identify the specific constitutional right violated and to the extent possible provide the date(s) of each alleged violation.

(4) Plaintiff's retaliation claim as to Dr. Delgado is limited to his alleged acts of retaliation after plaintiff filed the grievance due to this defendant changing plaintiff's medication. Plaintiff may, within the parameters of Fed. R. Civ. P. 8(a)(2) elaborate on this defendant's

alleged acts of retaliation if he wishes.

The plaintiff is advised that without more, a difference of opinion between a layperson such as plaintiff and a physician as to the type of medical treatment wanted and required does not violate the constitution. Simple acts of negligence do not offend the constitution. And again, without more not getting a particular medication as opposed to another does not violate the constitution.

SO ORDERED, this 6th day of June 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE