IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| TERRY VAN WILLIAMS, | : |
| Plaintiff | : |
| VS. | : |
| | : **7 : 04-CV-20 (HL)** |
| DR. DELGADO, et al., | : |
| Defendants. | : |

**RECOMMENDATION**

The plaintiff filed this action in March 2004, his complaint consisting of some sixty-five (65) pages and 300 numbered paragraphs. The undersigned initially recommended that sixteen (16) of the originally named defendants be dismissed. This recommendation was adopted, leaving as defendants correctional officers Lindblad and Santana and Doctors Fogam, Ajibade, and Delgado. These defendants then filed a motion to dismiss, and the undersigned recommended that certain defendants and claims be dismissed. The plaintiff objected to certain portions of this recommendation and attached new documentation supporting his claims. The court adopted the recommendation, but allowed plaintiff's certain claims to proceed. The defendants then filed a motion for a more definite statement, which the court granted, directing the plaintiff to file an amended complaint with certain specifications and limitations thereon. *See* Order at # 27. The plaintiff filed a Motion for Extension of time in which to file said amended complaint, which the court granted on August 5, 2005, giving the plaintiff until August 22, 2005, to file his amendment. The plaintiff has failed to file the amended complaint as directed and has failed to provide any explanation for said failure.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985).  Litigants proceeding *pro se* are not exempted from this requirement of diligent prosecution.  Moon v. Newsome, 863 F.2d 835 (11th Cir. 1989).  The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R., 370 U.S. 626, 630 (1962).

A review of this action reveals a clear record of delay or willful contempt on the part of the plaintiffs.  The plaintiff has failed to comply with a specific court order, despite seeking and obtaining an extension of time in which to comply with this directive.  Furthermore, the plaintiff has failed to provide any reason for his delay in prosecuting this action.  The court finds that lesser sanctions will not suffice herein.  Accordingly, it is the recommendation of the undersigned that this civil action be **DISMISSED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**,  this 15th day of September.

      /s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb