# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

**TERRY VAN WILLIAMS,**           :
                                   :
   Plaintiff,                   :
                                   :
v.                                 :       Civil Action No. 7:04-cv-20 (HL)
                                   :
**DR. DELGADO, et al.,**           :
                                   :
   Defendants.                  :
_____

## ORDER

Before the Court is a Motion for Relief from Judgment (doc. # 50) filed by Plaintiff Terry Van Williams ("Williams").  For the reasons set forth below, the Motion is denied.

**I.   FACTS AND PROCEDURAL HISTORY**

Williams filed a pro se civil rights complaint (doc. # 2) under 42 U.S.C. § 1983 with the Court on March 29, 2004.  Initially, the United States Magistrate Judge submitted a Recommendation (doc. # 4) advising the Court to dismiss 16 of the 21 Defendants named in the Complaint pursuant to 28 U.S.C. § 1915(e)(2).  This Recommendation further warned Williams that "he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute." (Id. at 11.)  The Court adopted the Recommendation.  (Doc. # 7.)  Thereafter, the remaining Defendants filed a Motion to Dismiss (doc. # 11), the United States Magistrate Judge recommended that certain Defendants and claims be dismissed (doc. # 19), and Williams objected (doc. # 21).  The

1

Court adopted this Recommendation in part and modified it in part (doc. # 22), and also ordered Williams to amend his Complaint, which he did (doc. # 24).

On February 23, 2005, Defendants filed a Motion for More Definite Statement (doc. # 20), which the United States Magistrate Judge granted (doc. # 27) on June 6, 2005. Williams was directed to file an amended complaint that complied with the requirements of Federal Rule of Civil Procedure 8(a)(2) and other particular specifications and limitations, on or before July 5, 2005. Instead, on June 28, 2005, Williams filed a Motion for Extension of Time (doc. # 31) to file his amended complaint. Less than two weeks later, rather than filing an amended complaint, Williams filed a "Motion to Apply the Continuing Wrong Theory" (doc. # 32) and supporting memorandum (doc. # 33) as well as a letter addressed to the Court (doc. # 34). The former two documents, rather than distilling Williams' remaining claims, sought to expand his existing case. The rambling 13-page letter similarly failed to comply with Federal Rule of Civil Procedure 8(a)(2) or to address any of the concerns expressed in the United States Magistrate Judge's previous Order (doc. # 27). Nonetheless, in an abundance of caution, the United States Magistrate Judge granted the Motion for Extension of Time and allowed Williams until August 22, 2005 to file his amended complaint. (Doc. # 43.) The Order also warned Williams that "[a]ny additional requests for extension of time filed by the plaintiff in regard to this amendment will be summarily denied." (Id.)

Williams failed to file an amended complaint by August 22, 2005, or to provide the Court with any excuse for this failure, and the United States Magistrate Judge entered a Recommendation on September 15, 2005, recommending that Williams' case be dismissed

under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. (Doc. # 44.) Specifically, the United States Magistrate Judge found "[a] review of this action reveals a clear record of delay or willful contempt on the part of the plaintiffs [sic]." (Id. at 2.) Williams filed timely objections (doc. # 45), but the Court adopted the Recommendation and rejected the objections (doc. # 46) on November 25, 2005. On November 29, 2005, Williams finally filed a 65 page document (doc. # 48) he styled as the amended complaint previously requested by the Court, as well as an "Ending Addressment [sic] to the Court" (doc. # 49). Then, on December 15, 2005, Williams filed a Motion for Relief from Judgment (doc. # 50). Defendants filed a Response (doc. # 51) to the last document.

## II.     ANALYSIS

### A.     Federal Rule of Civil Procedure 60(b)

Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. Proc. 60(b).

Motions under Rule 60(b) are directed to the sound discretion of the district court. See, e.g., United States v. Certain Real Prop. Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1318 (11th Cir. 1997).

### B.     Claimant's Motion

Although Williams did not specifically label his Motion as a Rule 60(b) Motion, he did title it a "Motion for Relief From Judgment to Dismiss," and the Court will construe it as a Rule 60(b) Motion. One consequence of Williams' failure to properly label his motion is that he did not specifically state the Rule 60(b) provision(s) under which he is seeking relief. However, as explained below, Williams has not made the requisite showing for relief under any subsection of Rule 60(b).

### 1.     Mistake, Inadvertence, Surprise, or Excusable Neglect

Rule 60(b)(1) provides relief for mistake, inadvertence, surprise, or excusable neglect. At various points in the present case, Williams has complained to the Court he suffers from medical problems and that these handicaps hinder his ability to meet filing deadlines. Williams has also commented a number of times that he is a pro se plaintiff and unfamiliar with the law and motions practice. Arguably, Williams may believe he is entitled to relief under Rule 60(b)(1) for excusable neglect, based on either or both of the aforementioned reasons.

Under the four-part excusable neglect test articulated by the United States Supreme Court, a district court must consider (1) the danger that the neglect caused prejudice; 2) the length of the delay resulting from the neglect and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the party guilty of neglect; and (4) whether the party guilty of neglect acted in good faith. Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnerships, 507 U.S. 380, 395 (1993). Of the four factors, the Supreme Court accorded primary importance to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration. See, e.g., Cheney v.

Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996).

In the present case, Williams was repeatedly notified of the Court's requirements that he diligently prosecute his case and respond to direct Orders and was warned that his case might be dismissed if he ignored these requirements. Despite these warnings, Williams has, more than two years after he initially filed his lawsuit, still failed to submit a proper complaint. As a result, Defendants have been forced to expend considerable resources responding to unnecessary filings and attempting to compel Williams to properly pursue his case. Instead of capitalizing on the numerous opportunities afforded him to file an appropriate complaint, Williams has chosen to file documents and letters of his own choosing. That he can find the time to file lengthy documents other than those requested by the Court belies his contention that he is too ill to meet court deadlines or extended deadlines.[1] That Williams was able to respond to some court orders but not others belies his assertion that he is unfamiliar with motions practice and should be granted extra leeway.

The Eleventh Circuit has recognized that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 836 (11th Cir. 1989) (citations and quotations omitted). Here, the Court finds a moderate amount of prejudice to Defendants, a significant degree of delay, a weak showing of reason for the delay, and an

---

[1] The Court also notes that while attempting to pursue the present case, Williams has been engaged in other litigation, including at least one other case recently dismissed by this Court. See Williams v. Cook County, Georgia, et al., No. 7:03-cv-120-HL-RLH (M.D. Ga. 2006). Rather than excusing his delay and failure to prosecute this case, the Court will hold Williams accountable for his decision to pursue litigation on multiple fronts.

arguable showing of bad faith on Williams' behalf. As such, Williams has not shown that he is entitled to relief under Rule 60(b)(1), and no such relief shall be granted.

### 2.    Newly Discovered Evidence

"For the court to grant relief based upon newly discovered evidence under Rule 60(b)(2), a movant must meet a five-part test: (1) the evidence must be newly discovered since the trial; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that a new trial would probably produce a new result." Waddell v. Hendry County Sheriff's Office, 329 F.3d 1300, 1309 (11th Cir. 2003) (citation omitted). In this case, Williams has brought no new evidence to the Court's attention. Therefore, relief under Rule 60(b)(2) is not warranted.

### 3.    Fraud or Misrepresentation

Rule 60(b)(3) provides relief for misrepresentations by the adverse party. In order for the Court to grant relief under Rule 60(b)(3), a plaintiff "has the burden of proving by clear and convincing evidence that (1) the judgment has been obtained through fraud, misrepresentation, or other misconduct, and (2) the conduct complained of prevented the movant from fully and fairly presenting its case." USX Corp. v. TIECO, Inc., 132 Fed. Appx. 237, 239 (11th Cir. 2005) (citation omitted). In this case, Williams has neither proven nor even alleged that the judgment was obtained through fraud or misrepresentation, much less that such conduct prevented him from fully and fairly presenting his case. As such, the Court finds Williams is not entitled to relief under Rule 60(b)(3).

### 4. The Judgment Is Void

"Pursuant to Rule 60(b)(4), a court may relieve a party from a final judgment or order based on a finding that the judgment is void." Burke v. Smith, 252 F.3d 1260, 1264 (11th Cir. 2001). "Generally, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Id. (citation and quotation omitted). Here, Williams does not allege the Court lacked jurisdiction of the subject matter or the parties, nor is there any indication that the Court acted in a manner inconsistent with due process. Indeed, Williams was granted all of his due process rights. Although Williams complains that he "has felt prejudice from the Court," in fact, Williams was offered numerous opportunities and extensions to prosecute his case and warned of the potential cost for his failure to do so. The Court's procedure did not deny Williams' due process. Williams cannot receive relief under Rule 60(b)(4).

### 5. Satisfaction

Rule 60(b)(5) offers potential relief on two grounds. First, it "authorizes a court to grant relief from a judgment when a prior judgment upon which it is based has been reversed or otherwise vacated." Urfirer v. Cornfeld, 408 F.3d 710, 716 (11th Cir. 2005) (citation and quotation omitted). Second, it "provides relief when judgments are satisfied." Gibbs v. Maxwell House, A Div. of Gen. Foods, 738 F.2d 1153, 1155 (11th Cir. 1984). There has been no allegation that this provision has any applicability to this case, nor is the Court aware of any reason that it would be. Williams is not entitled to relief under Rule 60(b)(5).

**6.     "Any Other Reason"**

"Under Rule 60(b)(6), a court may grant relief for any other reason justifying relief from the operation of judgment. Relief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Crapp v. City of Miami Beach, 242 F.3d 1017, 1020 (11th Cir. 2001). Williams points to nothing "exceptional" about his case that would warrant relief under Rule 60(b)(6), nor is the Court aware of any such circumstances. Accordingly, the Court finds Williams is not entitled to relief under Rule 60(b)(6).

### III.    CONCLUSION

For the foregoing reasons, Williams' Motion (doc. # 50) is denied.

SO ORDERED, this the 26th day of September, 2006.

                                          **s/    Hugh Lawson**

                                          **HUGH LAWSON, JUDGE**

pdl